IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES BUCLARY<br>1160 Medway Dr.<br>Philadelphia, PA 19115<br><br>　　　　Plaintiff,<br>　v.<br><br>RSC RESTYLING SPECIALISTS, INC.<br>3920 Nebraska Ave.<br>Levittown, PA 19056<br><br>　　　　Defendant. | CIVIL ACTION<br><br>No. _____<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by James Buclary (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against RSC Restyling Specialist, Inc. (*hereinafter* referred to as "Defendant" unless indicated otherwise) for violations of the Americans with Disabilities Act ("ADA" - 42 USC §§ 12101 *et seq.*) and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a) (4) because it arises under the laws of the United States and

---

[1] Plaintiff's claim under the PHRA is referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue letter under the ADA. Plaintiff's PHRA claims however will mirror identically his federal claims under the ADA.

seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## **PARTIES**

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant RSC Restyling Specialists, Inc. ("Defendant") is an automotive service company located at the above-captioned address.

8. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff was hired by Defendant in or about September of 2016 as a driver.

11. Defendant engages in providing custom work to auto dealerships through Pennsylvania and New Jersey.

12. Therefore, as part of Plaintiff's job duties, he would be required to drive either a customer's vehicle to and from various auto dealerships or the "chase car," which would supply another driver with a ride back from the dealership after delivering a customer's car or vice versa.

13. While employed with Defendant, Plaintiff was a dedicated and hard-working employee who performed his job well and lacked any disciplinary history.

14. Further, Plaintiff went above and beyond his normal job duties to complete tasks that other employees refused to do.

15. Since in or about 2007, Plaintiff has and continues to suffer from disabilities related to his knee, back and foot, which at times, limits his ability to perform some major life activities, including but not limited to sitting, standing, walking, bending, and performing manual tasks.

16. Despite Plaintiff's aforesaid health conditions and limitations, he was still able to perform the duties of his job well with Defendant; however, Plaintiff did require reasonable accommodations on occasion.

3

17. For example, as a result of his knee condition, Plaintiff cannot fully bend his left knee, which requires him to sit in the front seat of a vehicle, as he cannot physically sit in the back seat of most vehicles.

18. Therefore, Plaintiff would often times ask to sit in the front seat of a vehicle while working for Defendant, as he could not physically sit in the back seat. In response, Plaintiff's co-workers took issue with this accommodation and his health conditions and would harass him for same.

19. Plaintiff also requested further accommodations for his aforesaid disabilities from Defendant's management while employed with Defendant.

20. For example, during the last full week of Plaintiff's employment with Defendant, Plaintiff asked Driver Supervisor, Chris (last name unknown) if he could drive the chase car for a short period of time due to a flare up related to his aforesaid back condition. Chris agreed to Plaintiff's temporary accommodation request.

21. After Plaintiff's accommodation was granted, Plaintiff's co-workers began to question whether Plaintiff's accommodation of driving the chase car was permanent, to which Plaintiff responded that it was not.

22. On or about February 14, 2017, within three working days after requesting a reasonable accommodation (of driving he chase car for a brief period of time), Plaintiff was informed by Chris and Andy Kaplan (General Manager) that he was being terminated from his employment with Respondent because some of the drivers had complained that he was driving too fast.

23. At no point in time during Plaintiff's employment with Defendant did Defendant's management ever disciple or counsel Plaintiff about his driving.

4

24. Further, the allegation that Plaintiff was driving too fast, is absurd and inaccurate.

25. Following his termination from Defendant, Plaintiff asked to meet with Craig (last name unknown – Owner) and Joe (last name unknown – Owner) in an attempt to get his job back. At first, Defendant's management resisted a meeting with Plaintiff and the owners; however, after Plaintiff asked again a few days later, he was granted a meeting with Craig, Joe and Chris, which was scheduled for February 21, 2017.

26. During Plaintiff's meeting with Craig, Joe, and Chris on or about February 21, 2017, Plaintiff expressed why he believed his termination was unfair and discriminatory; however, Plaintiff's concerns were ignored by Defendant's management.

27. Plaintiff was thereafter informed by Craig via telephone that his termination would stand.

28. Plaintiff believes and therefore avers that he was terminated from Defendant due to his actual/perceived/record of disabilities and/or in retaliation for requesting reasonable accommodations.

## COUNT I
### Violations of the Americans with Disabilities Act "ADA"
([1] Actual/Perceived/Record of Disability Discrimination; and [2] Retaliation)

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. Plaintiff has properly exhausted his administrative remedies with respect to his ADA claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

31. Plaintiff suffered from qualifying health conditions under the ADA (as amended), which (at times) affected his ability to perform some daily life activities (as discussed *supra*).

32. Plaintiff requested reasonable accommodations during his employment with Defendant, including but not limited to sitting in the front seat of vehicles as much as possible (versus the back seat) and the ability to solely drive the chase care for a brief period of time.

33. Shortly after Plaintiff's last request for an accommodation, he was terminated from his employment with Defendant for completely pretextual reasons.

34. Plaintiff believes and therefore avers that he was terminated from Defendant because of: (1) his known and/or perceived disabilities; (2) his record of impairment; and/or (3) because he requested accommodations, which constitutes unlawful retaliation.

35. These actions as aforesaid constitute violations of the ADA, as amended.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.  Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

E.  Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

                      Respectfully submitted,

                      KARPF, KARPF & CERUTTI, P.C.

By:  _____
     Ari R. Karpf, Esq.
     3331 Street Road
     Two Greenwood Square, Suite 128
     Bensalem, PA 19020
     (215) 639-0801

Dated: July 27, 2017

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| JAMES BUCLARY | CIVIL ACTION |
| v. | |
| RSC RESTYLING SPECIALISTS, INC. | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 7/27/2017 | *[signature]* | Plaintiff |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1160 Medway Drive, Philadelphia, PA 19115

Address of Defendant: 3920 Nebraska Avenue, Levittown, PA 19056

Place of Accident, Incident or Transaction: Defendant's place of business
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐ No☒

Does this case involve multidistrict litigation possibilities?    Yes☐ No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 7/27/2017                     _____                ARK2484
                                    Attorney-at-Law              Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/27/2017                     _____                ARK2484
                                    Attorney-at-Law              Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BUCLARY, JAMES

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
RSC RESTYLING SPECIALISTS, INC.

County of Residence of First Listed Defendant: **Bucks**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1 U.S. Government Plaintiff
- **X** 3 Federal Question *(U.S. Government Not a Party)*
- 2 U.S. Government Defendant
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | **X** 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
**X** 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans with Disabilities Act "ADA" 42USC12101
Brief description of cause:
Violations of the ADA and the Pennsylvania Human Relations Act "PHRA"

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** **X** Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 7/27/2017
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

[ Print ]   [ Save As... ]   [ Reset ]